COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

RAMIRO
GONZALES,                                        )                     No. 
08-01-00239-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                       143rd District Court

                                                                              )

THE STATE OF TEXAS,                                     )                     of Ward County, Texas

                                                                              )

Appellee.                           )                   (TC# 99-09-04202-CRW)

 

O
P I N I O N

 

Ramiro
Gonzales appeals his conviction for aggravated assault.  Appellant waived his right to a jury trial
and entered a negotiated plea of guilty. 
The trial court found that the evidence substantiated Appellant=s guilt, but deferred adjudicating his
guilt, and placed him on community supervision for a term of ten years.  The trial court subsequently adjudicated
Appellant=s guilt
upon finding he had violated a condition of community supervision and assessed
his punishment at imprisonment for a term of twelve years.  We affirm.








Appellant's
court-appointed counsel has filed a brief in which she has concluded that the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied, 388
U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by
presenting a professional evaluation of the record demonstrating why, in
effect, there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807 (Tex.Crim.App. 1978); Currie v. State, 516 S.W.2d 684
(Tex.Crim.App. 1974); Jackson v. State, 485
S.W.2d 553 (Tex.Crim.App. 1972); Gainous
v. State, 436 S.W.2d 137 (Tex.Crim.App.
1969).  A copy of counsel=s brief has been delivered to
Appellant, and Appellant has been advised of his right to examine the appellate
record and file a pro se brief. 
No pro se brief has been filed.

A
defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding only in appeals taken when
deferred adjudication community supervision is first imposed.  See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App.
1999).  Appellant did not pursue such an
appeal, and in fact, could not have appealed from his original guilty plea
because he waived the right to appeal. 
Further, Appellant is not permitted to appeal any matters related to the
trial court=s
determination to proceed with an adjudication of guilt.  See Tex.Code Crim.Proc.Ann. art.
42.12, ' 5(b)(Vernon Supp. 2002). 
We have carefully reviewed the record and counsel=s
brief, and agree that the appeal is wholly frivolous and without merit.  Further, we find nothing in the record that
might arguably support the appeal.  The
judgment is affirmed.

 

 

October 17, 2002

                                                                       


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)